Charles **TIMMONS**, Plaintiff— Appellant,

v.

**UNITED PARCEL SERVICE, INC.,** Defendant—Appellee.

No. 07–16657.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 15, 2009.

Filed Feb. 3, 2009.

Jill P. Telfer, Esquire, Law Offices, Sacramento, CA, for Plaintiff–Appellant.

E. Jeffrey Grube, Esquire, Michael M. Pfyl, Paul W. Cane, Jr., Paul Hastings Janofsky & Walker, LLP, San Francisco, CA, for Defendant–Appellee.

Before: HUG, REINHARDT and TASHIMA, Circuit Judges.

## MEMORANDUM *

Plaintiff–Appellant Charles Timmons appeals the district court's grant of summary judgment in favor of Defendant–Appellee United Parcel Service, Inc. ("UPS"). Timmons brought suit under both the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.,* and the California Fair Employment and Housing Act ("FEHA"), CAL. GOV'T CODE § 12900 *et seq.*

■ **1.** The district court erred in granting summary judgment to UPS on Timmons' claim of disability discrimination because there is a genuine issue of material fact as to whether UPS engaged in a good-faith interactive process, as is required under both the ADA and the FEHA. In *Barnett v. U.S. Air, Inc.,* 228 F.3d 1105, 1116 (9th Cir.2000) (en banc), *vacated on other grounds,* 535 U.S. 391, 122 S.Ct. 1516, 152 L.Ed.2d 589 (2002), we held that "employers, who fail to engage in the interactive process in good faith, face liability for the remedies imposed by the statute if a reasonable accommodation would have been possible." Where there is a genuine dispute of material fact as to whether the employer properly engaged in the interactive process, summary judgment will seldom be appropriate because it is extremely difficult to prove that no reasonable accommodation would have been available. *Morton v. United Parcel Service, Inc.,* 272 F.3d 1249, 1256 n. 7 (9th Cir.2001), *overruled on other grounds by Bates v. United Parcel Service, Inc.,* 511 F.3d 974 (9th Cir.2007) (en banc). UPS

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

argues that the interactive process was unnecessary in this case because no reasonable accommodation would have allowed Timmons to perform the essential functions of his job. But UPS might have been able to reasonably accommodate Timmons by reassigning him to a different position whose essential functions he could perform. *See Barnett,* 228 F.3d at 1111. UPS did not demonstrate the unavailability of a reasonable accommodation because it did not even explore the possibility of such reassignment.

Similarly, under the FEHA, in order to obtain summary judgment on a claim of failure to accommodate, an employer must demonstrate

> (1) reasonable accommodation was offered and refused; (2) there simply was no vacant position within the employer's organization for which the disabled employee was qualified and which the disabled employee was capable of performing with or without accommodation; or (3) the employer did everything in its power to find a reasonable accommodation, but the informal interactive process broke down because the employee failed to engage in discussions in good faith.

*Jensen v. Wells Fargo Bank,* 85 Cal. App.4th 245, 102 Cal.Rptr.2d 55, 68 (Ct. App.2000). UPS contends that it offered a reasonable accommodation to Timmons in the form of an alternative route, which Timmons refused. It is disputed, however, whether the truck offered to Timmons on that route would have accommodated his disability. Because there is a disputed issue of material fact on reasonable accommodation, the district court erred in granting summary judgment to UPS on these claims.

Additionally, under California law, "[f]ailure to engage in [the interactive] process is a separate FEHA violation independent from an employer's failure to provide a reasonable disability accommodation, which is also a FEHA violation." *Wysinger v. Auto. Club of So. Cal.,* 157 Cal.App.4th 413, 69 Cal.Rptr.3d 1, 10 (Ct. App.2007); *see* CAL. GOV'T CODE § 12940(n). *But see Nadaf–Rahrov v. Neiman Marcus Group, Inc.,* 166 Cal.App.4th 952, 83 Cal. Rptr.3d 190, 214–16 (Ct.App.2008) (holding that "an employer's failure to engage in the interactive process is an unlawful employment practice . . . only if a reasonable accommodation existed.").

■■■ **2.** The district court correctly granted summary judgment to UPS on Timmons' retaliation, wrongful termination, and age discrimination claims. UPS could not have retaliated against Timmons because the alleged adverse actions against Timmons took place before Timmons engaged in any protected activities. *See Pardi v. Kaiser Found. Hosps.,* 389 F.3d 840, 849 (9th Cir.2004) (noting that, in order to establish a prima facie case under the ADA for retaliation, a plaintiff must show a causal link between protected activity and an adverse employment action). For the same reason, the wrongful termination claim was correctly dismissed. Timmons alleges that he was constructively terminated for complaining about his ill treatment, and that he may therefore maintain an action for wrongful termination in violation of public policy under *Hentzel v. Singer Co.,* 138 Cal. App.3d 290, 188 Cal.Rptr. 159 (Ct.App. 1982). But the working conditions that Timmons claims forced him to resign were the cause of his complaints, not a response to them. The age discrimination claim also fails because Timmons was not replaced by a significantly younger person. *See Nidds v. Schindler Elevator Corp.,* 113

F.3d 912, 917 (9th Cir.1996). This requirement is relaxed only when the employee's position is restructured or eliminated entirely, as did not happen here. *Cf. Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1421 (9th Cir.1990).

The grant of summary judgment in favor of UPS is affirmed in part and reversed in part. The case is remanded to the district court for further proceedings consistent with this disposition. Each party shall bear his or its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

